DAVID MOODY BY NOAH MOODY, HIS NEXT FRIEND
*v.* AMERICAN FIDELITY ASSURANCE COMPANY
ET AL

5-5952                                          481 S.W. 2d 700

Opinion delivered June 19, 1972

*Laws & Schulze* for appellant.

*Williams & Gardner,* for appellees

CONLEY BYRD, Justice. This is an action by Noah
Moody as next friend of his minor son David Moody, a
newspaper delivery boy, to recover upon a policy issued by
appellee American Fidelity Assurance Company to appel-
lee Arkansas Democrat Company, a corporation, pursuant
to Ark. Stat. Ann. § 81-716 (Supp. 1971). With reference
to medical coverage that statute provides:

> ". . . and this hospital and medical expense pro-
> tection shall be excess insurance coverage or indem-
> nity over and above any other collectable insurance."

It is admitted that as a result of an accident to David Moody
while delivering newspapers, medical expenses of $1,163.75
have been incurred. $914.50 have been paid by other in-
surance sources and American Fidelity has tendered $249.25.
Upon this admission the trial court ruled that the medical
insurance protection provided pursuant to Ark. Stat. Ann.

§ 81-716 constituted "excess insurance" and dismissed appellant's complaint.   We agree.

The term "excess insurance" has been used so commonly and been construed so many times that we must assume that the legislature used it in accordance with its commonly accepted meaning.   See 44 Am. Jur. 2d *Insurance* § 1815 where in commenting on "excess insurance" it is said:

> "As contradistinguished from a prorata or proportionate recovery clause, insurance policies occasionally provide that as to a particular coverage, it shall be 'excess' insurance only.   Under such a policy and as to such a coverage the insurance company issuing the policy is not liable for any part of the loss or damage which is covered by other insurance, but is liable only for the amount of loss or damage in excess of the coverage provided by the other policy or policies of insurance.   An excess insurer was not liable under its policy to contribute to expenses incurred by the plaintiff in successfully defending a suit where the only obligation under its contract was to contribute to either a judgment or a settlement."

In accordance with the constant legal definition given to the term "excess insurance," we agree with the trial court that under the statute American Fidelity is not liable for any part of the medical expense covered by other insurance.

Affirmed.